```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION


JOSE A. RODRIGUEZ, et al.,

          Plaintiffs,
                                  Case No. 2:13-cv-103
     v.                           Judge Graham
                                  Magistrate Judge King
OHIO BUREAU OF CRIMINAL
INVESTIGATION,

          Defendant.
```

### REPORT AND RECOMMENDATION

Plaintiffs, state inmates, bring this civil rights action against an agency of the State of Ohio, the Wood County Sheriff's Office and unnamed individuals employed by those two entities. This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. §§ 1915(e), 1915A.

Plaintiffs allege that the defendant agencies, acting in conjunction with the United States Drug Enforcement Administration, conducted an investigation of plaintiffs, resulting in criminal charges against plaintiffs. *Complaint*, Doc. No. 4, ¶¶ 15, 17. The investigation involved audio or video recordings, *id*. ¶ 17, which were not translated or authenticated, *id.* ¶¶ 19-20, and which were edited or withheld from plaintiffs. *Id*. ¶ 21. These recordings are alleged to form "the foundation for the criminal proceedings" against plaintiffs. *Id*. ¶¶ 21-22. Plaintiffs also allege that a traffic stop of plaintiffs, the search of plaintiffs' vehicle and the subsequent arrest and prosecution of plaintiffs in 2007 were made "without

1

probable cause." *Id*. ¶¶ 24, 32.  Plaintiffs assert claims of denial of due process and other, unspecified constitutional rights under 42 U.S.C. §§ 1983, 1985, 1988,[1] as well as a claim under state law. Plaintiffs seek monetary damages and an order requiring the production to plaintiffs of complete and true copies of the recordings.

The defendant state agency is absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution.  *See Beil v. Lake Erie Correction Records Dept.*, 282 Fed. Appx. 363, 2008 WL 2434738 (6th Cir. June 13, 2008). *See also Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)(Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities").  Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. §1983.  *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989).  The claims against the Ohio Bureau of Criminal Investigation cannot proceed.

Similarly, claims asserted against state employees in their official capacities cannot proceed in a federal court because such claims are deemed to be claims against the State.  *Will*, 491 U.S. at 71 ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983").

Moreover, because plaintiffs' claims necessarily imply that their criminal convictions and confinement are unconstitutional, those claims cannot proceed under §§ 1983 or 1985 unless their convictions

---

[1] Section 1988 does not create an independent basis of liability but merely authorizes, in appropriate circumstances, an award of attorney's and expert fees to a party who prevails in an action to enforce, *inter alia*, §§ 1983 and 1985.

have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or have otherwise been called into question by a federal court's issuance of a writ of habeas corpus." *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003)(citing *Heck v. Humphrey*, 512 U.S. 477 (1994). Thus, challenges to the fact or duration of one's confinement, *i.e.*, challenges falling "within the traditional scope of habeas corpus," are not cognizable under either §§ 1983 or 1985. *Lanier*, 332 F.3d at 1005-06 (extending *Heck* to claims under § 1985). *See also Thomas v. Eby,* 481 F.23d 434, 438 (6th Cir. 2007).

The *Complaint* also fails to state a claim under 42 U.S.C. § 1985 because plaintiffs do not allege that any conspiracy between and among defendants was motivated by a racial or other class-based, invidiously discriminatory animus. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Dotson v. Lane*, 360 F. App'x 617, 620 n.2 (6th Cir. 2010).

At least some of plaintiffs' claims are also untimely. The events about which plaintiffs complain are alleged to have occurred in 2007. Claims under 42 U.S.C. §§ 1983 and 1985 must be initiated in Ohio within two (2) years of the time the cause of action accrues. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989)(*en banc*)(claims under § 1983); *Harris v. Board of Educ. of Columbus, Ohio, City School District*, 798 F. Supp. 1331, 1345 (S.D. Ohio 1992)(claims under § 1985); *Ealy v. Diorio*, 2009 WL 545106, *2 (S.D. Ohio March 3, 2009)(same). In general, a civil rights claim for relief accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Friedman v. Estate of Presser*, 929

3

F.2d 1151, 1159 (6th Cir. 1991). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). Plaintiffs assert that they did not become aware of the facts underlying their claims "until at least June 1, 2011." *Complaint*, ¶ 14. Although that assertion may be accurate with respect to the allegations relating to the audio and video tapes, the Court rejects that assertion with respect to the allegations relating to the traffic stop, search of plaintiffs' vehicle and plaintiffs' arrest. The facts underlying those events, and plaintiffs' claims arising out of those events, were certainly known to plaintiffs at the time of the 2007 traffic stop. Because plaintiffs waited more than two (2) years after those events to initiate this action, their claims based on those events are untimely.

Plaintiffs also assert state law claims. However, state employees may not be sued on state law claims unless and until the Ohio Court of Claims has determined that the employees are not entitled to immunity under Ohio law, O.R.C. §9.86. *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989); *Grooms v. Marshall*, 142 F.Supp. 2d 927, 932 (S.D. Ohio 2001). Plaintiffs' state law claims against the employees of the state agency cannot proceed.

In short, the Court concludes that all of plaintiffs' claims must be dismissed for lack of subject matter jurisdiction or for failure to state a claim for relief.

It is therefore **RECOMMENDED** that this action be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*,  638 F.2d 947 (6th Cir. 1981).


          s/  Norah McCann King\_\_\_
         Norah McCann King
         United States Magistrate Judge

February 15, 2013

5