IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSE A. RODRIGUEZ, et al.,

        Plaintiffs,

                                Case No. 2:13-cv-103
v.                                  Judge Graham
                                Magistrate Judge King

OHIO BUREAU OF CRIMINAL
INVESTIGATION, et al.,

        Defendants.

## ORDER

On February 15, 2013, the United States Magistrate Judge recommended that this action be dismissed on a variety of grounds. *Report and Recommendation*, Doc. No. 10. This matter is now before the Court on plaintiffs' objections to that recommendation. *Objection*, Doc. No. 12. Plaintiffs have also moved to "remove" the action to the Ohio Court of Claims. Doc. No. 13. For the reasons that follow, plaintiffs' objections to the *Report and Recommendation* are denied, as is the motion to "remove" the action to the Ohio Court of Claims.

The *Complaint* asserts claims under 42 U.S.C. §§ 1983, 1985 and 1988 against a state agency and the Wood County Sheriff's Office, as well as unidentified employees of those entities, claiming a denial of plaintiffs' constitutional rights in connection with their 2007 arrests and criminal convictions. Specifically, plaintiffs claim that their arrests were without probable cause and that certain audio or video recordings, which formed "the foundation for the criminal proceedings" against them, *Complaint*, ¶¶ 21-22, were either edited or

1

withheld from plaintiffs in contravention of plaintiffs' constitutional rights. In her *Report and Recommendation*, the Magistrate Judge concluded that the claims against the defendant State agency and its employees, in their official capacities, cannot proceed, that the state law claims cannot proceed against the state agency employees unless and until the Ohio Court of Claims determines that they are not entitled to immunity under state law, that the *Complaint* fails to state a claim under 42 U.S.C. § 1985 because plaintiffs do not allege a racial or other class-based, invidiously discriminatory animus and that the claims arising out of the 2007 traffic stop, search of plaintiffs' vehicle and plaintiffs' arrests are untimely. Citing *Heck v. Humphrey*, 512 U.S. 477 (1994), the Magistrate Judge also concluded that, to the extent that plaintiffs' claims imply the invalidity of their criminal convictions, those claims cannot proceed under §§1983 or 1985.[1] *Report and Recommendation*. In their objections, plaintiffs contend that the State of Ohio has waived its Eleventh Amendment sovereign immunity and that, in any event, the Eleventh Amendment does not preclude the injunctive relief sought in the *Complaint*.[2] Plaintiffs also argue that the Court has supplemental jurisdiction over plaintiffs' state law claims.

This Court agrees that the Eleventh Amendment precludes plaintiffs' claims against the defendant State agency and their claims for monetary damages against that agency's employees in their official

---

[1] As the Magistrate Judge noted, 42 U.S.C. § 1988 does not create a separate substantive cause of action.
[2] The *Complaint* asks that defendants be ordered to produce the audio and video recordings utilized against plaintiffs in their criminal proceedings.

2

capacity. *See Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997). The Court also agrees that plaintiffs' allegations relating to the 2007 traffic stop, search of plaintiffs' vehicle and plaintiffs' arrest are untimely. *See Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989)(*en banc*). Even if, as plaintiffs contend, they did not discover the facts underlying their claims arising out of the alleged withholding or altering of audio or video recordings until June 2011, those claims nevertheless may not proceed. Because those claims – even plaintiffs' claim for injunctive relief relating to those recordings – challenge the validity of plaintiffs' criminal convictions, plaintiff may pursue that challenge only in an action for a writ of habeas corpus under 28 U.S.C. § 2254. *See Heck v. Humphrey, supra*, 512 U.S. 477.

In short, this Court agrees that plaintiffs' claims cannot proceed in this action.

Moreover, there is no authority for plaintiffs' request that this Court "remove" this case to the Ohio Court of Claims.

Plaintiffs' objections, Doc. No. 12, are **DENIED**. The *Report and Recommendation,* Doc. No. 10, is **ADOPTED AND AFFIRMED**. Plaintiffs' motion to "remove" the action to the Ohio Court of Claims, Doc. No. 13, is **DENIED**.

This action is hereby **DISMISSED**. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Date: February 25, 2013

James L. Graham
United States District Judge

3