```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


JOSE A. RODRIGUEZ, et al.,

          Plaintiffs,
                                  Case No. 2:13-cv-103
     v.                           Judge Graham
                                  Magistrate Judge King
OHIO BUREAU OF CRIMINAL
INVESTIGATION,

          Defendant.
```

## REPORT AND RECOMMENDATION

Plaintiffs, state inmates, filed this civil rights action against an agency of the State of Ohio, the Wood County Sheriff's Office and unnamed individuals employed by those two entities. Final judgment dismissing the case pursuant to 28 U.S.C. §§ 1915(e), 1915A was entered on February 25, 2013. *Judgment*, Doc. No. 17. This matter is now before the Court on plaintiffs' motion for relief from that judgment, Doc. No. 18 ("*Motion for Relief from Judgment*").

Plaintiffs alleged that the defendant agencies, acting in conjunction with the United States Drug Enforcement Administration, conducted an investigation of plaintiffs, resulting in criminal charges against plaintiffs. *Complaint*, Doc. No. 4, ¶¶ 15, 17. The investigation involved audio or video recordings, *id*. ¶ 17, which were not translated or authenticated, *id*. ¶¶ 19-20, and which were edited or withheld from plaintiffs. *Id*. ¶ 21. These recordings were alleged to have formed "the foundation for the criminal proceedings" against plaintiffs. *Id*. ¶¶ 21-22. The *Complaint* also alleged that a traffic

1

stop of plaintiffs, the search of plaintiffs' vehicle and the subsequent arrest and prosecution of plaintiffs in 2007 were made "without probable cause." *Id*. ¶¶ 24, 32. Plaintiffs asserted claims of denial of due process and other, unspecified constitutional rights under 42 U.S.C. §§ 1983, 1985, 1988, as well as a claim under state law. The *Complaint* sought monetary damages and an order requiring the production to plaintiffs of complete and true copies of the recordings.

The *Motion for Relief from Judgment* contends that the Court erred in concluding that the claims against Wood County and its employees could not proceed unless and until the Ohio Court of Claims made "a determination of immunity" as to those defendants. *Motion for Relief from Judgment*, p. 2. "Therefore, this court must overrule its previous judgment and permit this matter to proceed, or in the alternative, permit the complaint to be amended to omit the Ohio Bureau of Criminal Investigation and permit the matter to proceed, as to the Wood County defendants." *Id.*, p. 6. Plaintiffs have misapprehended the bases for the dismissal of the action and of the claims asserted against the Wood County defendants.

The original *Report and Recommendation*, Doc. No. 10, recommended dismissal of the action on a variety of grounds. However, this Court has never held that state law claims cannot proceed against the Wood County defendants pending resolution of the issue of immunity by the Ohio Court of Claims. Rather, the Court applied that reasoning to only the employees of the state agency named in the *Complaint*, the Ohio Bureau of Criminal Investigation:

2

> Plaintiffs also assert state law claims. However, state employees may not be sued on state law claims unless and until the Ohio Court of Claims has determined that the employees are not entitled to immunity under Ohio law, O.R.C. §9.86. *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989); *Grooms v. Marshall*, 142 F.Supp. 2d 927, 932 (S.D. Ohio 2001). <u>Plaintiffs' state law claims against the employees of the state agency cannot proceed.</u>

*Report and Recommendation,* p. 4 (emphasis added). The Court nevertheless concluded that all claims, including the state law claims against the Wood County defendants, could not proceed for a variety of reasons. *See generally*, *id.;* *Order*, Doc. No. 16. In short, plaintiffs' *Motion for Relief from Judgment* is based on a flawed understanding of the bases for the dismissal of all the claims asserted in this action. The Court remains convinced that the action was properly dismissed.

It is therefore **RECOMMENDED** that the *Motion for Relief from Judgment*, Doc. No. 18, be denied.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.*

*See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

              *s/   Norah McCann King*
              Norah McCann King
              United States Magistrate Judge

June 17, 2013